Argued and submitted February 24, affirmed June 18, 1986

FARMERS INSURANCE EXCHANGE et al,
*Respondents,*

*v.*

FRALEY,
*Appellant.*

(17619; CA A34868)

720 P2d 770

Terry G. Sundkvist, Portland, argued the cause and filed the briefs for appellant.

Jeffrey M. Batchelor, Portland, argued the cause for respondents. With him on the brief were Richard C. Hunt, Lindsey H. Hughes and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiffs successfully sought damages and injunctive relief for defendant's breach of an insurance agency contract and for the post-termination breach of a noncompetition covenant. Defendant's first 11 assignments of error fail, because Paragraph G of the contract is unambiguous. *See Farmers Insurance Exchange v. Chamberlain,* 77 Or App 245, 250, 712 P2d 172, *rev den* 300 Or 563 (1986). The remaining assignment of error is that the trial court erred in concluding that the noncompetition covenant was valid as a reasonable restraint of trade. We affirm.

The covenant provides, in part:

"For payment received, [defendant] further agrees that for a period of one year following the date of sale he will neither directly nor indirectly solicit, accept, or service the insurance business of any policy holder of record in the agencies of this district as of the date of sale."

Defendant concedes that the covenant is valid as to his former customers but challenges its application to all of plaintiffs' policyholders within his former sales districts at the time of his termination.

■■ A contract in restraint of trade is valid if it is (1) partial or restricted as to time or place; (2) based on good consideration; and (3) reasonable, *i.e.,* it affords "only a fair protection to the interests of the party in whose favor it is made, and [is not] so large in its operation as to interfere with the interests of the public." *Eldridge et al v. Johnson,* 195 Or 379, 403, 245 P2d 239 (1952). Defendant argues that the third requirement is not met, because the covenant is broader in scope than is reasonably necessary to protect plaintiffs.

We disagree. Defendant had access to confidential information which could be used to plaintiffs' detriment, and plaintiffs had a legitimate business interest in protecting the solicitation of their policyholders. *See Cascade Exchange v. Reed,* 278 Or 749, 565 P2d 1095 (1977); *North Pacific Lbr. v. Moore,* 275 Or 359, 551 P2d 431 (1976); *Eldridge et al v. Johnson, supra.*

Affirmed.